IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>ALLEN J. REDMOND,<br><br>                  Defendant. | Case No. 3:14-cr-30109-NJR-1 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Reduce Sentence re First Step Act (Doc. 270) filed Defendant Allen J. Redmond. For the reason set forth below, the motion is denied.

On February 2, 2015, Redmond pled guilty to conspiracy to distribute and possess with intent to distribute cocaine (Count 1) (Doc. 108). On July 30, 2015, Redmond was sentenced to a term of 84 months of imprisonment (Doc. 222). Redmond is a federal prisoner in the custody of the Bureau of Prisons (BOP), currently incarcerated at the Thompson Federal Prison Camp in Thompson, Illinois (Doc. 270).

Redmond asks this Court to recommend that he be allowed to spend his last year of his sentence under home confinement under the First Step Act (Doc. 270, 272). In response, the Government Asserts that Redmond's case is not yet eligible for review and that determinations of home confinement are in the discretion of the Bureau of Prisons (Doc. 272).

It is well established the it is not the Court's role to make determinations as to

home confinement. *See Nathan v. Watson*, No. 2:19-cv-00605-JMS-MJD, 2020 U.S. Dist. LEXIS 34339, at *5 (S.D. Ind. Feb. 28, 2020) ("It is not the Court's role to make halfway house and home confinement determinations…the Court has no authority to order the BOP to make any placement decisions under the First Step Act."); *see Wren v. Watson*, No. 2:19-cv-00554-JPH-MJD, 2020 U.S. Dist. LEXIS 21282, at *5 (S.D. Ind. Feb. 7, 2020) ("…[T]he First Step Act…does not require the BOP to place [Defendant] on home confinement. As the government aptly points out in its filing, district courts that have considered this issue have consistently concluded that the First Step Act does not guarantee placement in home confinement or mandate that the BOP place prisoners in home confinement."); *see Xiong Lo v. United States*, No. 19-cv-746-jdp, 2019 U.S. Dist. LEXIS 189817, at *2-3 (W.D. Wis. Oct. 30, 2019) ("…[D]ecisions about how to implement this policy have been left to the Bureau of Prisons, not the courts."); *see United States v. Carter*, No. 1:18-cr-00086-JMS-DML, 2020 U.S. Dist. LEXIS 62520, at *3 (S.D. Ind. Apr. 9, 2020) ("At least one district court has concluded that it lacks the authority to designate home confinement, finding that the BOP has the statutory authority to choose the location where prisoners serve their sentences."); *see United States v. Williams*, No. 15-cr-217-pp, 2020 U.S. Dist. LEXIS 69147, at *2 (E.D. Wis. Apr. 20, 2020) ("The government has responded to the defendant's motion, and correctly points out that the law gives the Bureau of Prisons the authority to place someone on home confinement, not the court."

The Court simply does not possess the discretion to make any recommendations as to Redmond's potential for home confinement at this time. Therefore, the motion must be denied.

For the reasons set for above, Motion to Reduce Sentence re first Step Act (Doc. 270) filed Defendant Allen J. Redmond is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 29, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**