IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    ALLEN J. REDMOND,

        Defendant.

Case No. 3:14-CR-30109-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration (Doc. 296) and Supplement to that Motion (Doc. 298) filed by Defendant Allen J. Redmond. For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

Redmond is currently serving a sentence of 84 months of imprisonment for conspiracy to distribute and possess with intent to distribute cocaine (Doc. 222). Redmond entered a guilty plea pursuant to a plea agreement, in which he waived the right to "contest" his conviction and sentence (Doc. 108). Redmond filed a Motion for Compassionate Release on May 7, 2020 (Doc. 275). As amended, Redmond's motion argued that underlying health conditions such as his restricted nasal passages and high blood pressure in the context of the Covid-19 pandemic constitute extraordinary and compelling reasons justifying compassionate release (Doc. 280). Redmond further indicated that he was scheduled to be released to home confinement in early 2021

(Doc. 280 at 2). The Government opposed the motion, quoting language from his plea agreement to the effect that Redmond had waived his right to seek "modification" of his sentence and that his medical conditions were not sufficiently severe so as to constitute extraordinary and compelling reasons justifying release (Doc. 283 at 6-7). On June 18, 2020, this Court denied Redmond's motion, noting the language from his plea agreement quoted by the Government and further stating that even if Redmond was eligible to seek compassionate relief, he had not presented extraordinary and compelling reasons (Doc. 284).

On November 10, 2020, Redmond filed the instant motion for reconsideration, arguing that the Government had misquoted relevant language from his plea agreement and that he had never agreed not to seek "modification" of his sentence, but rather only not to "contest" his sentence. Redmond argues that the actual language of his plea agreement permits him to bring a motion for compassionate relief, and that his health conditions, family circumstances, and the Covid-19 pandemic together constitute extraordinary and compelling reasons justifying release (Doc. 296, 298). In its response, the Government concedes that it accidentally misquoted language from the plea agreement but argues that even with the language waiving his right to "contest" his sentence, Redmond is ineligible for compassionate release. The Government further argues that regardless of his eligibility, the grounds advanced by Redmond simply do not constitute extraordinary and compelling motions justifying compassionate release (Doc. 300). The Government indicates that Redmond is already due to be released to a halfway house on January 14, 2021 (*Id.* at 2).

## LEGAL STANDARD

A motion for reconsideration may be appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination

with another listed condition. *See id.* at cmt. n.1(D).

If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

### ANALYSIS

To start, the Court notes that there is a significant difference between whether Redmond waived his right merely to "contest" his sentence or if he waived his right to seek "modification." As this Court and other Courts in this circuit have held, broad waiver language prohibiting "modification" and the like prevents future motions for compassionate release, even where such language was agreed to before the passage of the First Step Act. *United States v. Rodas*, 719 F. App'x 528 (7th Cir. 2018); *United States v. Soto-Ozuna*, 618 F. App'x 527 (7th Cir. 2017). On the other hand, where waiver language is more narrow and merely discusses "contesting" a sentence, compassionate release is not covered, as a motion for compassionate release does not impugn a sentence as it was originally imposed but merely argues that subsequent circumstances weigh in favor of revising and modifying that sentence. *See United States v. Hicks*, 11-cr-30207, Doc. 140 at 3-4 (S.D. Ill. Aug. 4, 2020) (citing *United States v. Monroe*, 580 F.3d 552, 555–59 (7th Cir. 2009)). Accordingly, the actual language of Redmond's plea agreement does not make him ineligible for compassionate release.

Nonetheless, Redmond must demonstrate extraordinary and compelling reasons

that justify compassionate release. Here, in his motion for reconsideration, Redmond further elaborates upon his medical conditions and family circumstances. The Court has already indicated in its Order of June 18 (Doc. 284) that it did not find these factors to be sufficient. The Court's assessment has not changed—while Redmond has exhibited elevated blood pressure and sinusitis, there is little indication that these conditions are sufficiently severe that they greatly exacerbate his vulnerability to Covid-19 (Docs. 298-2, 298-3, 300-2). At this point, given that Redmond is already scheduled to be transferred to a halfway house on January 14, in little more than one month, the Court does not find that the factors cited by Redmond are sufficiently compelling to warrant trying to get him released any earlier.

## CONCLUSION

The Motion for Reconsideration (Doc. 206) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   December 14, 2020**

_____

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**